BEFORE THE FIRST DIVISION, APRIL 24, 1946

**No. 51035.**—Protest 947300–G of Edward P. Paul & Co., Inc. (New York).

OLIVER, Presiding Judge: This case comes before us on the granting of a motion for rehearing of our original decision of October 3, 1945, reported as Abstract 50550. In that decision we held the imported glass trays to be dutiable under paragraph 230 (d), Tariff Act of 1930, as manufactures of glass, not specially provided for. That decision was based upon the following stipulation:

It is further agreed between counsel that the tray is a table or kitchen article or utensil; that it is composed wholly or in chief value of glass pressed and unpolished, except that the bottom surfaces of the two legs thereof were ground and then polished for purposes other than ornamentation, to wit, to make the said bottom surfaces smooth and level, and that the tray and candle holders are not an entirety.

It was apparent that the effect of this stipulation was to present to the court the sole issue as to whether or not the polishing was sufficient to remove the article from the provision of paragraph 218 (g) for glassware "when pressed and unpolished, whether or not decorated or ornamented in any manner * * *."

The Government in its brief in support of the motion for a rehearing states that upon the original submission of the case the "defendant was under the impression that the question of whether or not the trays were decorated was not in issue,

believing that the sole issue in the case was whether or not the polishing was sufficient to remove the articles from paragraph 218 (g)." We held that it was.

The Government now contends that the glass trays in question are decorated within the meaning of the provisions of paragraph 218 (f), as classified. Our attention is directed to the fact that our appellate court has held that "decorated or ornamented in any manner" as used in paragraph 84, Tariff Act of 1913 (identical language appearing in the present law), did not necessarily contemplate a separate operation but included decoration or ornamentation produced in the mold (*Smith & Co.* v. *United States*, 8 Ct. Cust. Appls. 256, T. D. 37535).

In the present case, in so classifying the imported merchandise the collector found these trays to be decorated or ornamented. This action of the collector is presumptively correct. The plaintiff has introduced no testimony on this point and we must therefore find that the presumption of correctness attaching to the collector's classification has not been overcome.

We therefore hold the imported article of merchandise to be properly dutiable as assessed under the provisions of paragraph 218 (f) for "Table * * * articles * * * composed wholly or in chief value of glass * * * decorated or ornamented in any manner * * * 60 per centum ad valorem."

Our decision in *E. P. Paul & Co., Inc.* v. *United States*, Abstract 50550, is reversed and the protest is overruled.